SAWYER & WOODARD, Appellant, v. H. H. BOWMAN.

LAND SALE COMMISSIONS. None when agents abandon sale. It may be shown that purchaser came to locality on correspondence with others than land agents suing.

*Appeal from Mitchell District Court.*—HON. JOHN C. SHERWIN, Judge.

,SATURDAY, MAY 19, 1894.

ACTION for the recovery of a commission for selling a farm. Judgment for plaintiffs on one count of petition, and plaintiffs' case dismissed as to the other count. Both parties appeal.—*Affirmed.*

*Eaton & Clyde* for plaintiff and appellants.

*G. E. Marsh* for defendant and appellee.

KINNE, J.—I. The petition, as substituted and finally amended, was in two counts. The first count, in substance, averred that in June, 1885, defendant entered into a contract with plaintiffs to sell his farm in Mitchell county, Iowa, or find a purchaser therefor, at forty dollars per acre; one third to be paid in cash, and the balance to be secured by first mortgage on the premises. That plaintiffs were to advertise the same, and endeavor to sell it, or procure a purchaser therefor; and, in case a sale was made through plaintiffs, defendant was to pay plaintiffs a commission of one per cent of the selling price of said premises. That on September 1, 1891, plaintiffs procured N. Patterson as a purchaser for said farm, who was then willing to purchase the same on the terms stated. That they notified defendant thereof. That said Patterson did purchase said farm on the terms and conditions heretofore stated. That defendant refuses to pay said commission. In a second count it is averred that under said contract with defendant they sold said farm, on November 15, 1890, to one Fridley, at and for the terms heretofore stated; that he was financially responsible, and ready and willing to pay for the same upon the terms stated; that they notified defendant, and requested him to make and deliver a deed to said purchaser, which he refused to do, and that he refuses to pay them their commission. Defendant, for answer to count 1, admits listing the farm with plaintiffs for sale, and that they were to procure a purchaser at forty dollars per acre—one third cash and the remainder to be paid on terms and conditions thereafter to be agreed upon between defendant and the purchaser, and secured by a mortgage on said property; that he was to pay plaintiffs a commission of one per cent upon the selling price provided a sale should be made by defendant to a purchaser so procured and furnished by plaintiffs to defendant, the consummation of said sale to be at defendant's option; that he told plain. tiffs the place was rented, and, in the event of a sale, the purchaser must

buy subject to the lease and the rights of the tenant; that, in the event of sale, if made after the crops were put in, in the spring, the entire crop should be reserved, and, if made after the crops were removed, and after September first, then purchaser must settle with tenant for labor done. Denies that defendant made a sale as alleged, and denies their authority to make sale on the terms stated in said count. Answering count 2, defendant reaffirms substantially the allegations of the answer above stated, and denies all allegations not admitted and also avers that the sale to Fridley was abandoned by Fridley and plaintiffs. The cause was tried to the court, a jury being waived, and a judgment entered dismissing the second count of the petition, and judgment against defendant on the first count for one hundred and thirty-three dollars and forty-four cents. Both parties except and appeal. Plaintiffs first served notice of appeal, and hence are treated as appellants.

II. This case chiefly involves questions of fact, and, under the settled rule as to the finding and judgment of the court in a case tried before it having the force and effect of a verdict of a jury, we can not disturb the judgment of the court below, though the evidence be conflicting, if it be sustained and warranted by the evidence. As to the action of the court in dismissing the second count of the petition, there can be no doubt that it was right. The sale to Fridley was never approved as made, and the evidence tends to show that under the agreement between the plaintiffs and defendant the proposition of sale was to be submitted to defendant for his approval. He refused to approve the sale, unless he was granted certain privileges as to keeping his stock on the place for a time; and his conditions were not acceded to. It also appears that with plaintiffs' consent the Fridley sale was abandoned, and it clearly appears that plaintiffs never expected to exact or claim any commission on account of that sale until about the time they began this suit. As to the sale to Patterson, the evidence is conflicting, and not so satisfactory. If we were trying the case *de novo*, we might be inclined to think that plaintiffs had failed to make a case; but it is clear that plaintiffs did the work which led up to the sale, and the evidence does not warrant us in disturbing the judgment. We can not consider the evidence in detail.

III. Some errors are assigned touching the rulings upon the admission of evidence, one of which we will notice. The witness Patterson, the purchaser of the farm, was asked this question: "Before you came to Osage, in August last, for the purpose of buying the Bowman farm, you had received letters from Avery Bush, had you not?" This was objected to as immaterial, and beyond the examination in chief, and the objection sustained. We think this evidence should have been admitted. Bush, it is claimed by defendant, actually effected the sale of the farm to Patterson, and it was proper to show the fact, if it was a fact, that Patterson came to Osage by reason of correspondence he had had with Bush, and not at the instance of plaintiffs. In view of other testimony of Patterson touching letters he had received from Bush about the farm, the error was not prejudicial. The judgment below is AFFIRMED.